**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 14-cv-01577-RPM

NANCY MARKS,

     Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS;
JEFFERSON COUNTY BOARD OF COMMISSIONERS;
INTERVENTION, INC.;
SUSAN KELLER, Community Parole Officer, Colorado Department of Correction, in her individual and official capacities;
KRISTIN HEATH, Program Director, Intervention Community Corrections Services, in her individual and official capacities; and
RICK RAEMISCH, Executive Director Colorado Department of Corrections, in his individual and official capacities,

     Defendants.

---

**MOTION FOR RECONSIDERATION OF ORDER DISMISSING INDIVIDUAL CLAIMS AGAINST DEFENDANT KRISTIN HEATH (Doc. 40)**

---

Plaintiff, by and through her attorneys, David A. Lane and Nicole B. Godfrey of KILLMER, LANE & NEWMAN, LLP, hereby respectfully requests that this Court reconsider its ruling dismissing Claims 4 and 5 of Plaintiff's Amended Complaint and Jury Demand [Doc. 33] as asserted against Defendant Heath in her individual capacity.[1]

---

[1] In this motion, Plaintiff requests reconsideration of the grant of qualified immunity against Defendant Heath only. In so doing, however, Plaintiff does not forfeit her arguments regarding the qualified immunity defense raised by Defendants Raemisch and Keller as set forth in Plaintiff's Response to CDOC Defendants' Motion to Dismiss [Doc.

## CERTIFICATION PURSUANT TO D.C.COLO.LCivR.7.1

Counsel for Plaintiff, Nicole B. Godfrey, conferred with counsel for Defendants, Kristin Lockwood, Tom Stocker, and Patricia Gilbert, via e-mail on January 21, 2015. Counsel for Defendants Intervention, Inc. and Heath indicate that they oppose the motion. Counsel for Jefferson County Board of Commissioners stated that the County has no objection to the filing of the motion and takes no position on the relief requested. Counsel for Defendants CDOC, Keller, and Raemisch take no position on the motion.

## INTRODUCTION AND RELEVANT PROCEDURAL BACKGROUND

Plaintiff Nancy Marks filed the instant lawsuit to redress the violation of her rights under the United States Constitution, the Americans with Disabilities Act ("ADA"), and the Rehabilitation Act of 1973 on June 4, 2014. In her initial Complaint and Jury Demand [Doc. 1], Ms. Marks named six Defendants: the Colorado Department of Corrections ("CDOC"), the Jefferson County Corrections Board ("JCCB"), Intervention Community Corrections Services ("ICCS"), Susan Keller, Kristin Heath, and Rick Raemisch. As is relevant here, Defendants ICCS and Heath filed a partial answer [Doc. 13] and a partial motion to dismiss (only as to claim 3, brought under the ADA) [Doc. 14]. Importantly, Defendant Heath *never* raised the defense of qualified immunity in her answer or partial motion to dismiss. Nevertheless, the Court *sua sponte* dismissed Claims 4 and 5 as against Defendant Heath in its January 8, 2015 order [Doc. 40] on the basis of qualified immunity.[2] For the reasons outlined below, the Court's holding clearly contradicts controlling Supreme Court and Tenth Circuit precedent and, therefore,

---

27]. Plaintiff hereby preserves her previous arguments for later appeal and applies those arguments to Defendant Heath, should this Court or an appellate court determine that Defendant Heath can lawfully assert the defense of qualified immunity.

[2] Plaintiff filed an amended complaint and jury demand on January 7, 2015 to substitute correct parties and add additional factual allegations. Plaintiff asserted the same claims for relief as to Defendant Heath.

Plaintiff respectfully requests reconsideration of this Court's dismissal of Claims 4 and 5 as applied to Defendant Heath.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 54 (b) provides, in pertinent part:

> …any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Generally, this Court has broad discretion to reconsider its interlocutory orders prior to entry of judgment. *Rimbert v. Eli Lilly & Co.*, 647 F.3d 1247, 1251 (10th Cir. 2011) ("district courts generally remain free to reconsider their earlier interlocutory orders"); *Price v. Philpot*, 420 F.3d 1158, 1167 n. 9 (10th Cir. 2005). To succeed in a motion to reconsider, "a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Nat'l Bus. Brokers, Ltd. V. Jim Williamson Prods., Inc.*, 115 F.Supp.2d 1250, 1256 (D. Colo. 2000) (internal quotation marks and citation omitted). "[A] motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

## ARGUMENT

Qualified immunity shields *government officials* from civil liability for constitutional torts "insofar as their conduct does not violate clearly established statutory or constitutional

rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). While qualified immunity arises principally in the context of constitutional torts, its availability does not inevitably follow from the fact that a defendant is subject to such liability: "[Section] 1983 immunity does not automatically follow § 1983 liability." *Richardson v. McKnight*, 521 U.S. 399, 412 (1997). Defendant Heath is not a government actor; consequently, the Court's order granting qualified immunity to her is clearly erroneous and should be modified. Thus, reconsideration of the Court's January 8, 2015 order dismissing Plaintiff's claims against Defendant Heath on the basis of qualified immunity is appropriate here. The Court's order misapprehends the facts and controlling law as applied to Defendant Heath, and Plaintiff has never been afforded the opportunity to raise the arguments presented here. Therefore, this Court should reconsider its prior ruling, and reinstate claims 4 and 5 against Defendant Heath.

Defendant Heath has never asserted the defense of qualified immunity, and under existing Supreme Court and Tenth Circuit precedent, such a defense is unavailable to her. In fact, the Supreme Court has unequivocally held that the defense of qualified immunity is not generally available to employees of a private corporation or other private defendants. *Richardson*, 521 U.S. at 412; *Wyatt v. Cole*, 504 U.S. 158, 167-68 (1992). Absent "special reasons significantly favoring an extension of governmental immunity," private actors "do not enjoy immunity from suit." *Id*. Significantly, this Court has recognized "that the Tenth Circuit has held that prison guards employed by private companies are not entitled to qualified immunity." *Stanley v. McMillian*, 2014 U.S. Dist. LEXIS 25196, *17 (D. Colo. Feb. 26, 2014), *citing Phillips v. Tiona*, 508 F. App'x 737, 751-52 (10th Cir. 2013) ("whereas . . . CDOC . . . employees in their individual capacities enjoy qualified immunity in s. 1983 damages actions, CCA and its private

prison employees" do not). Likewise, post-*Richardson*, other circuits have rejected the application of the qualified immunity defense for private parties operating under contract for the government. *See*, *e.g.*, *Cook v. Martin*, 148 Fed. Appx. 327, 342 (6th Cir. 2005) (no qualified immunity for private providers of prison medical services); *Malinowski v. DeLuca*, 177 F.3d 623, 624 (7th Cir. 1999) (no qualified immunity for privately employed building inspectors); *Jensen v. Lane County*, 222 F.3d 570, 578 (9th Cir. 2000) (no qualified immunity for provider of psychiatric care services); *Halvorsen v. Baird*, 146 F.3d 680, 685 (9th Cir. 1998) (no qualified immunity for provider of involuntary commitment services for inebriates); *Hinson v. Edmond*, 192. F.3d 1342, 1345 (11th Cir. 1999) (no qualified immunity for private providers of prison medical services).

Admittedly, none of the above cases addressed the exact factual circumstance at issue here: whether a private community corrections provider is entitled to qualified immunity. However, the rationale of *Richardson* is instructive and controlling. In *Richardson*, the Supreme Court identified three chief justifications for qualified immunity: (1) "protecting the public from unwarranted timidity on the part of public officials" and "encouraging the vigorous exercise of official authority;" *Richardson*, 521 U.S. at 408; (2) preventing lawsuits from distracting government officials from their official duties, *id*.; and (3) "ensuring that talented candidates [are] not deterred by the threat of damages suits from entering public service," *id*. (internal citations omitted).

In analyzing these policy justifications, the Supreme Court was persuaded in *Richardson* that market forces competing to provide safe and efficient prison services would subsume any unwarranted timidity. *Id*. at 408-11. Likewise, here, Plaintiff's Amended Complaint and Jury

Demand alleges that Defendant Heath works for Intervention, Inc., a corporation that contracts with Jefferson County, Colorado, and the State of Colorado to provide community corrections services to persons serving a criminal sentence in Jefferson County's community corrections program. *See* Doc. 38 at ¶¶26-41. Presumably, Intervention, Inc. is in competition with other community corrections providers for this contract, and Plaintiff should, at a minimum, be afforded the opportunity to engage in limited discovery to overcome this qualified immunity defense. *See Weise v. Casper*, 507 F.3d 1260, 1263 (10th Cir. 2007) (noting that the post-*Richardson* the district court allowed for limited discovery on the issue of "Defendants' status at the time of the conduct at issue, whether Defendants were 'closely supervised' by government officials, and whether Defendants are entitled to assert [a] qualified immunity [defense] . . . .") (internal quotations omitted).

Additionally, the Supreme Court in *Richardson* noted that insurance was available to the private company to limit exposure for violations of prisoners' rights and that employee indemnification agreements would limit the deterrence effect on qualified candidates. *Richardson*, 521 U.S. at 410-11. Like in *Richardson*, Intervention, Inc. likely has insurance and Defendant Heath may have an indemnification agreement. Again, Plaintiff's claims against Defendant Heath should be permitted to stand until, at a minimum, Plaintiff has been afforded the opportunity to engage in limited discovery on this issue, too. *See Weise*, 507 F.3d at 1263.

Moreover, the Supreme Court noted that private firms (like Intervention, Inc.) have the flexibility to deal with over- or under-zealous employees, a trait not available to the government due to civil-service restrictions. *Richardson*, 521 U.S. at 410. Finally, the *Richardson* court held

6

that distraction from litigation, alone, was insufficient to justify allowing a private actor to raise the defense of qualified immunity. *Id.* at 411-12.

Therefore, this case is similar to *Richardson* in all relevant aspects, and this Court should reconsider its holding that Defendant Heath is entitled to qualified immunity. Intervention, Inc. is a privately organized corporation providing services to the government pursuant to contract. The privatization and market forces arguments applicable in *Richardson* also apply here. Intervention, Inc. must provide its community corrections services to Jefferson County with the market threat of replacement for failure to adequately complete their duties. As in *Richardson*, the potential for insurance, indemnification agreements, and higher pay all may operate to encourage qualified candidates to apply to work for Intervention, Inc. and to vigorously discharge their duties. Thus, under the factual circumstances presented here and applicable controlling precedent, Defendant Heath is not entitled to assert the defense of qualified immunity.

## **CONCLUSION**

For the reasons set forth above, Plaintiff respectfully requests that this Court reconsider its January 8, 2015 order dismissing Plaintiff's claims asserted against Defendant Heath in her individual capacity and allow Plaintiff's case to proceed as to these claims. In the alternative, Plaintiff respectfully requests that she be afforded the opportunity to engage in limited discovery to address the applicability of the qualified immunity defense Defendant Heath, a private actor.

Dated this 21st day of January, 2015.

             KILLMER, LANE & NEWMAN, LLP

             *s/ David A. Lane*
             David A. Lane
             Nicole B. Godfrey
             KILLMER, LANE & NEWMAN, LLP
             1543 Champa Street, Suite 400
             Denver, Colorado 80202
             (303) 571-1000
             dlane@kln-law.com
             ngodfrey@kln-law.com

             ATTORNEYS FOR PLAINTIFF