IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 14-cv-01577-RPM

NANCY MARKS,

     Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS;
JEFFERSON COUNTY BOARD OF COMMISSIONERS;
INTERVENTION, INC.;
SUSAN KELLER, Community Parole Officer, Colorado Department of Correction,
 in her individual and official capacities;
KRISTIN HEATH, Program Director, Intervention Community Corrections Services,
 in her individual and official capacities; and
RICK RAEMISCH, Executive Director Colorado Department of Corrections,
 in his individual and official capacities,

     Defendants.
_____

ORDER ON MOTION FOR RECONSIDERATION
_____

On January 8, 2015, an Order Dismissing Individual Claims Against Defendants

Susan Keller, Kristin Heath and Rick Raemisch was entered, holding that each of them

was entitled to qualified immunity on the Constitutional claims made in the fourth and

fifth claims for relief in the complaint and first amended complaint. [Doc. 40].  The

plaintiff filed a motion to reconsider that ruling as to Kristin Heath because she acted as

an employee of a private non-profit corporation, defendant, Intervention, Inc. [Doc. 43].

That motion was granted on January 22, 2015. [Doc. 44.]

The issue has been briefed by the defendant's response [Doc. 50] and the

plaintiff's reply. [Doc. 51].

The plaintiff relies on the holding in *Richardson v. McKnight,* 521 U.S. 399 (1997) that prison guards employed by a business corporation have no qualified immunity for complaints by prisoners under 42 U.S.C. § 1983.  The majority opinion rejected the functional analysis and relied on a policy comparison of government employees and those working for private contractors performing a government function.  The opinion is somewhat anomalous because of the following paragraph.

> We close with three caveats.  First, we have focused only on questions of § 1983 immunity and have not addressed whether the defendants are liable under § 1983 even though they are employed by a private firm.  Because the Court of Appeals assumed, but did not decide, § 1983 liability, it is for the District Court to determine whether, under this Court's decision in *Lugar v. Edmondson Oil Co.,* 457 U.S. 922 (1982), defendants actually acted "under color of state law."

*Id.* at 413.

The usual approach to questions of individual liability for Constitutional torts is first to decide whether there has been a violation of a right protected by the Constitution and then to determine whether the defendant is entitled to the protection of qualified immunity.

The allegations made against Kristin Heath are based on her role as Program Director of the ICCS residential facility when she made the decision to regress Nancy Marks from the community corrections program back to prison because of the plaintiff's disability and without providing her with due process under C.R.S. § 17-27-104(5) and denying her equal protection of the law by discriminating against her because of her disability.

Colorado provides for Community Corrections Programs in Article 27 of Title 17 establishing the Department of Corrections.  There are provisions for local governments

to create community corrections programs by establishing community corrections

boards which may contract with non-governmental entities to provide services to state

prisoners.  Intervention, Inc., has provided services by contract with a unit of Jefferson

County, Colorado.

The authority exercised by Ms. Heath is provided by this statutory structure.

Accordingly, her actions are pursuant to state law.  Intervention, Inc., is also acting

under the provisions of this statutory system and has little discretion in establishing

policies.  Ms. Heath is a state actor and is not different from Susan Keller and Rick

Raemisch in this case.  Accordingly, she is entitled to qualified immunity.  It is therefore

ORDERED, that upon reconsideration of the order of January 8, 2015, that ruling

as to Kristin Heath is affirmed.  This civil action is dismissed as to her as an individual

defendant.

DATED:   February 27th, 2015

BY THE COURT:

s/Richard P. Matsch

_____
Richard P. Matsch, Senior District Judge